```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
ISABEL ROJAS, as Administrator
of the Estate of JONATHAN
ROJAS, deceased,
                    Plaintiff,
                                          MEMORANDUM AND ORDER
    - against –
                                          23 Civ. 5743 (NRB)
UNITED STATES OF AMERICA,

                    Defendant.
----------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Isabel Rojas, the sister of Jonathan Rojas ("Rojas"), filed this action on July 5, 2023, against the United States Government ("defendant" or the "Government") under the Federal Tort Claims Act ("FTCA"). Plaintiff alleges medical malpractice, negligence, and wrongful death following her brother's 2020 suicide.[1]  See ECF No. 1 ("Compl.").

---

[1] Plaintiff's negligence and wrongful death claims need not be analyzed separately from the medical malpractice claim, as the former claims are duplicative of the latter. See La Russo v. St. George's Univ. Sch. of Med., 747 F.3d 90, 101 (2d Cir. 2014) (When a "negligence claim . . . 'arises from the physician-patient relationship or is substantially related to medical treatment, the breach gives rise to an action sounding in medical malpractice, not simple negligence.'") (quoting Stanley v. Lebetkin, 507 N.Y.S.2d 468, 468 (N.Y. App. Div. 2d Dep't 1986)); see also Coolidge v. United States, No. 10 Civ. 363S (WMS), 2015 WL 5714237, at *5 (W.D.N.Y. Sept. 29, 2015). The Court further notes that plaintiff's opposition brief, ECF No. 35, fails to specifically argue each of the three claims separately and thus does not appear to oppose defendant's contention that the negligence and wrongful death claims need not be independently analyzed.

-1-

**BACKGROUND**

The United States is the defendant in this action because at the time of his death Rojas was an outpatient at the Institute for Family Health's Walton Family Health Center and Center for Counseling ("IFH"), a clinic designated as a "Public Health Service" member under the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n).[2] Compl. ¶ 6; ECF No. 12 ("Answer") ¶ 6; see also Def's 56.1 ¶¶ 55, 61-117; Pl's 56.1 ¶¶ 55, 61-117.  "The FSHCAA authorizes the United States Department of Health and Human Services [] to deem federally qualified health centers as Public Health Service members," which "entitles the centers and their employees to FTCA coverage for certain medical malpractice suits."  Kelley v. Richford Health Ctr., Inc., 115 F.4th 132, 136 (2d Cir. 2024).

**DISCUSSION**

Presently before the Court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 28. In support and in opposition, both sides have submitted Rule 56.1 statements, expert reports, and memoranda of law. See ECF Nos. 29-31, 35-37, 39.  Drs. Howard Forman and W. Gordon Frankle

---

[2] Rojas also enrolled in the Treatment Alternatives for Safer Communities program, which allowed him to avoid incarceration by engaging in mental health treatment. ECF No. 30 ("Def's 56.1") ¶ 31; ECF No. 36 ("Pl's 56.1") ¶ 31.

were engaged by plaintiff and defendant, respectively, to opine on the treatment and care Rojas received before his suicide. See ECF Nos. 31, Exs. L-N, 37, Ex. 12. The expert reports -- which are central to the resolution of the pending motion -- have not been challenged under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). Indeed, the absence of Daubert motions is appropriate since the Court is the trier of fact in actions brought under the FTCA. 28 U.S.C. § 2492; see Royal & Sun All. Ins. PLC v. UPS Supply Chain Sols., Inc., 2011 WL 3874878, at *2 (S.D.N.Y. Aug. 31, 2011) ("When the fact-finder is the court, expert evidence should be quite freely admitted so that the judge may have the benefit of live testimony and cross-examination to determine how much weight, if any, to give to the expert's conclusions.") (quotation marks and citation omitted).

Having carefully reviewed the full record before us, the Court has specific, nuanced questions with respect to the expert evidence that would be better addressed at a trial on liability with live witnesses. Yang v. United States, 745 F. Supp. 3d 60, 67 (S.D.N.Y. 2024) ("The Court finds that the best path forward is to proceed to a trial where the experts will be cross-examined and the Court will be in a position to evaluate the experts' opinions in the context of a full record."); Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC, No. 07 Civ. 05804 (GEL), 2009 WL

959775, at *6 n.3 (S.D.N.Y. Apr. 8, 2009) ("[W]here a bench trial is in prospect, resolving [expert-related] questions at a pretrial stage is generally less efficient than simply hearing the evidence.").

Accordingly, defendant's motion for summary judgment is denied without prejudice to a resolution following a bench trial addressing liability.  The Court will schedule a conference to discuss the parameters for such a trial, including the utilization of any facts that were agreed to in the parties' Rule 56.1 statements.  Although Rule 56.1 statements are "not evidence" or "admissions" for the purposes of trial, Vasconcellos v. City of New York, No. 12 Civ. 8445 (CM), 2015 WL 14072775, at *1–2 (S.D.N.Y. Sept. 9, 2015); see also Cortes v. City of New York, No. 14 Civ. 03014 (LDH), 2019 WL 5592853, at *4 (E.D.N.Y. Oct. 30, 2019), a pre-trial joint stipulation of uncontested facts would expedite the Court's determination.

The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 28.

**SO ORDERED.**

Dated:    September 3, 2025
          New York, New York

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE